# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DION THOMPSON, #M18222 | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 19-cv-01058-SMY<br>) |
| CORRECTIONAL OFFICER SWISHER, | )<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Dion Thompson, an inmate of the Illinois Department of Corrections, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff asserts claims under the Eighth Amendment for unconstitutional conditions of confinement, use of excessive force, and denial of medical treatment. (Doc. 1). He seeks monetary damages. (*Id.*).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff arrived at Pinckneyville Correctional Center on April 11, 2019 and was sent to the segregation unit under investigation on August 7, 2019. He was strip searched, placed in mechanical restraints, and escorted to a cell. Upon arrival at the cell, Plaintiff noted it was unsanitary and requested that it be cleaned. Correctional Officer Swisher denied his request and ordered him to enter the cell.

1

Plaintiff refused to enter the cell and C/O Swisher aggressively pushed him in the cell and aggressively pulled on the handcuffs, causing "great bodily harm" to plaintiff's left wrist. Plaintiff then requested medical attention, which was denied by C/O Swisher.

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts:

> **Count 1:** **Eighth Amendment unconstitutional conditions of confinement claim against C/O Swisher for forcing Plaintiff into an unsanitary cell.**
>
> **Count 2:** **Eighth Amendment excessive force claim against C/O Swisher for aggressively pushing Plaintiff into the cell and aggressively pulling on the handcuffs causing injury.**
>
> **Count 3:** **Eighth Amendment deliberate indifference claim against C/O Swisher for denying Plaintiff medical treatment for the injuries caused by Swisher.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]**

## Discussion

Plaintiff's allegations are sufficient to proceed on the claims in Counts 2 and 3 against C/O Swisher in his individual capacity. To the extent Plaintiff attempts to bring claims against C/O Swisher in his official capacity, those claims will be dismissed. *See Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987) (when a plaintiff seeks monetary damages against a state official, he

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

must bring the suit against the official in his or her individual capacity only).

The claim in Count 1 will be dismissed for failure to state a claim. Plaintiff fails to describe the conditions of the alleged "unsanitary" cell. Although courts are obligated to accept factual allegations as true, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). Plaintiff's conclusory allegation, without any facts offered in support of the claim, does not satisfy the *Twombly* pleading requirements and is insufficient to state a claim. *Id.*

## Motion for Recruitment of Counsel

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655).

Plaintiff discloses no efforts to locate counsel on his own. (Doc. 3). His request for recruitment of counsel is, therefore denied. Plaintiff may renew his request for counsel after first attempting to locate counsel on his own. If Plaintiff renews his request, he should give the Court rejection letters from at least three attorneys to prove that he has made reasonable efforts to obtain counsel on his own.

## Disposition

**IT IS HEREBY ORDERED** that Counts 2 and 3 will proceed against Defendant Correctional Officer Swisher in his individual capacity. Count 1 and the claims against

3

Correctional Officer Swisher in his official capacity are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant Correctional Officer Swisher: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.**

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice and the Motions for Status and for Merit Review are **DENIED** as moot (Docs. 15, 16).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 6, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, Defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**