IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DION THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   19-cv-1058-RJD |
| ) | |
| C/O SWISHER, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Dion Thompson filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center. Plaintiff alleges that he was placed in an unsanitary cell while at Pinckneyville and Defendant Correctional Officer Swisher ordered Plaintiff to enter the cell and aggressively pushed him into the cell and pulled on his handcuffs when Plaintiff refused.   As a result of these actions, Plaintiff asserts he suffered great bodily harm to his left wrist.   Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he was allowed to proceed on the following claims:

> Count Two:   Eighth Amendment excessive force claim against C/O Swisher for aggressively pushing Plaintiff into the cell and aggressively pulling on the handcuffs causing injury.
>
> Count Three:   Eighth Amendment deliberate indifference claim against C/O Swisher for denying Plaintiff medical treatment for the injuries caused by Swisher.

The Court dismissed Count One, a proposed unconstitutional conditions of confinement claim against C/O Swisher, finding Plaintiff had failed to describe the conditions of the alleged unsanitary cell.

Now before the Court is Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 39), and Motion for Leave to Supplement Complaint (Doc. 44).

In the motion to amend, Plaintiff explains that he mistakenly identified Charles Swisher as the person who caused injury to his wrist. Plaintiff clarifies that Swisher participated in the use of force only by pushing him into the cell. Plaintiff also seeks to include additional allegations describing the conditions of the cell at issue. Finally, Plaintiff seeks to add C/O Loyd, C/O Harris, and Lt. Wall as defendants.

In the proposed amended complaint, Plaintiff alleges Loyd escorted Plaintiff to his cell on August 7, 2019. When Plaintiff refused to enter the cell, Loyd called Lt. Wall for "back up." Plaintiff asked Wall to have a porter clean the cell, and Wall ignored the request. When Swisher pushed Plaintiff into the cell, Loyd aggressively pulled Plaintiff's handcuffs, causing pain to his left wrist. Once Plaintiff relented and entered his cell, Loyd pulled Plaintiff's hands through the food slot, causing injury to his left wrist.

Plaintiff later requested medical attention from C/O Harris to address injuries to Plaintiff's left wrist, but Harris denied the request. Wall then came to Plaintiff's cell and told him to calm down. Plaintiff threatened to flood the cell if he did not receive medical attention and in response, Wall turned off the water supply to Plaintiff's cell. Wall directed Swisher and other unknown officers to change into tactical riot gear and, when the tactical team arrived at Plaintiff's cell, he was stripped of his clothing and placed in a watch cell.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir.

1977).  The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant."  *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence.").  A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility.  *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Here, Plaintiff's proposed amendments are neither unduly delayed nor brought with dilatory motive.  The Court also finds that the proposed amendments are not futile.  Accordingly, Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 39) is **GRANTED**.  Based on a review of the proposed complaint, the Court finds Plaintiff has stated the following claims:

> Count One: Eighth Amendment excessive force claim against C/O Swisher for aggressively pushing Plaintiff into his cell on August 7, 2019.
>
> Count Two: Eighth Amendment excessive force claim against Officer Loyd for pulling on Plaintiff's handcuffs and causing him injury on August 7, 2019.
>
> Count Three: Eighth Amendment failure to protect claim against Lt. Wall for failing to intervene on August 7, 2019.
>
> Count Four: Eighth Amendment conditions of confinement claim against C/O Swisher, C/O Loyd, and Lt. Wall.
>
> Count Five: Eighth Amendment deliberate indifference claim against C/O Harris for refusing to provide medical attention on August 7, 2019.

Plaintiff shall proceed on the above-identified claims in this lawsuit.  The Clerk of Court is directed to file Plaintiff's proposed amended complaint as the First Amended Complaint.  The

Clerk of Court is further directed to prepare for Defendants C/O Loyd, Lt. Wall, and C/O Harris: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Order to Defendants' place of employment as identified by Plaintiff.  If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.  Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Further, the Court **DENIES** Plaintiff's Motion for Leave to Supplement the Complaint (Doc. 44).  In this motion, Plaintiff sets forth his argument concerning exhaustion.  This argument need not be included in Plaintiff's complaint; rather, it should be set forth in a response to a motion for summary judgment on the issue of exhaustion.

**IT IS SO ORDERED.**

**DATED: October 20, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**