IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DION THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-1058-RJD |
| | ) | |
| CHARLES SWISHER, | ) | |
| C/O LOYD, | ) | |
| LT. WALL, and | ) | |
| C/O HARRIS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Dion Thompson, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff alleges he was ordered to enter an unsanitary cell and was aggressively pushed into the cell and placed in handcuffs when he refused.   Plaintiff is proceeding on the following claims set forth in his First Amended Complaint (Doc. 53):

Count One: Eighth Amendment excessive force claim against C/O Swisher for aggressively pushing Plaintiff into his cell on August 7, 2019.

Count Two: Eighth Amendment excessive force claim against Officer Loyd for pulling on Plaintiff's handcuffs and causing him injury on August 7, 2019.

Count Three: Eighth Amendment failure to protect claim against Lt. Wall for failing to intervene on August 7, 2019.

Count Four: Eighth Amendment conditions of confinement claim against C/O Swisher, C/O Loyd, and Lt. Wall.

Count Five:     Eighth Amendment deliberate indifference claim against C/O Harris for refusing to provide medical attention on August 7, 2019.

This matter is now before the Court on Defendants' Motion for Summary Judgment (Doc. 62).   For the reasons set forth below, the Motion is **GRANTED**.

## Background

In their motion, Defendants argue summary judgment in their favor is warranted because Plaintiff failed to exhaust his administrative remedies prior to filing this action.   Defendants explain that although they did not file their motion prior to the deadlines set by the undersigned for filing dispositive motions on the issue of exhaustion, they have not waived their affirmative defense setting forth the same.   Defendants further explain that although they did not press the issue prior to the initiation of merits discovery, it does not imply forfeiture and there is no indication that their delay in pursuing said defense will harm Plaintiff as he was fully apprised of the issue from Defendants' pleadings.

As to Defendants' substantive arguments, they assert only one relevant grievance, dated August 12, 2019, was received by the Administrative Review Board ("ARB") during the relevant time period (*see* Declaration of Adewale Kuforiji, Doc. 63, pp. 15-18 at ¶¶ 8-9; *see also* Doc. 63 at 20-26).   In this grievance, Plaintiff complains he was subjected to the unnecessary use of force by C/O Loyd and C/O Swisher on August 7, 2019.   Plaintiff goes on to recount the allegations in this lawsuit, asserting Swisher pushed him into an unsanitary cell and Loyd aggressively placed Plaintiff in handcuffs while Lt. Wall watched without intervening or addressing Plaintiff's concerns.   Plaintiff also writes that he notified C/O Harris that he needed medical attention, but his request for the same was refused.

The counselor responded to this grievance on August 14, 2019, and it was received by the

Grievance Officer on August 16, 2019.   The Grievance Officer reviewed the grievance on November 19, 2019 and recommended that it be considered moot based on the transfer of Plaintiff to a different institution.   The Chief Administrative Officer ("CAO") concurred on November 20, 2021.   Plaintiff appealed the decision to the ARB.   The ARB received Plaintiff's grievance on December 11, 2019 and denied it on the merits on December 19, 2019.

Defendants assert this grievance does not exhaust the claims against them because Plaintiff filed this lawsuit on October 1, 2019, prior to receiving a final decision from the ARB.

Along with their motion, Defendants filed a Rule 56 Notice informing Plaintiff of his obligation to file a response to the motion for summary judgment and advising him of the perils of failing to respond (*see* Doc. 64).   Plaintiff's response to the motion was due by March 7, 2022. No response, or any other filing, has been received from Plaintiff as of the date of this Order.

## Legal Standards

### *Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005).   The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact.   *Celotex*, 477 U.S. at 323.   Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).   A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at

248).   In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party.   *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

**Exhaustion Requirements**

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court.   "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies."   *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).   "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."   *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).   "[A]ll dismissals under § 1997e(a) should be without prejudice."   *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved.   20 ILL. ADMIN. CODE § 504.810(a).   If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances."   *Id*. § 504.830(e).   The CAO then advises the inmate of a decision on the grievance.   *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision.   *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006).   The ARB will submit a written report of its

findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal.   20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer.   *Id.* § 504.840.   If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender.   *Id.*   Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility.   *Id.* at § 504.870.

## Discussion

The Court deems all material facts as presented by Defendants undisputed because Plaintiff failed to file a response to the pending motion for summary judgment despite being provided ample time and opportunity to do so.   In failing to file a response, Plaintiff disregarded a Notice explaining the implications of this decision (Doc. 64).   The Court will exercise its discretion pursuant to Rule 56(e) and deem all material facts as undisputed.    Further, Local Rule 7.1(c) provides that a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

First, the Court addresses the timing of the filing of Defendants' motion.   As mentioned by Defendants, Defendant Swisher filed a Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies on August 3, 2020 (Docs. 41 and 42).   Plaintiff filed a response to the motion on August 11, 2020 (Doc. 45).   On October 20, 2020, Plaintiff was granted

leave to amend his complaint, and Defendants Loyd, Wall, and Harris were added as parties (Doc. 52).   Upon the filing of Plaintiff's Amended Complaint, the Court found Swisher's previously filed motion for summary judgment to be moot (Doc. 55).   Swisher was granted leave to file a motion for summary judgment on the issue of exhaustion by December 7, 2020 (*Id.*).

Defendants Harris, Loyd, Wall, and Swisher filed their answer to Plaintiff's Amended Complaint on December 17, 2020.   Pursuant to the Initial Scheduling Order entered on June 8, 2020 (Doc. 34), parties added to the case after the entry of said Order were to file any motions for summary judgment for failure to exhaust administrative remedies 60 days from the date of their Answer (*see* Doc. 34 at 4-5).   As such, Defendants Harris, Loyd, and Wall were to file their motions for summary judgment on the issue of exhaustion by February 15, 2021.   On March 3, 2021, the Court entered a Scheduling and Discovery Order directing merits-based discovery, finding the "issue of exhaustion of administrative remedies has been resolved as no defendant has filed a motion for summary judgment as to the issue of exhaustion" (Doc. 61).

Despite failing to file a motion for summary judgment on the issue of exhaustion by the Court's deadlines, Defendants ask the undersigned to consider the issue now, with said motion having been filed by the deadline for filing dispositive motions as to the merits of the case.   In their motion, Defendants acknowledge the Seventh Circuit's preference that exhaustion issues be resolved before the parties engage in merits discovery, *see Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), but assert the Seventh Circuit has allowed defendants to raise the defense late into discovery on the merits when the defense of failure to exhaust is raised in the defendant's answer and there is no indication the delay in pursuing the defense harmed the plaintiff.   *White v. Bukowski*, 800 F.3d 392, 394 (7th Cir. 2015).

While the Court certainly prefers the parties follow the directives and deadlines set forth

by the undersigned, in this instance, the Court will consider the motion now before the Court, despite the delayed filing.   In reaching this conclusion, the Court recognizes Defendants properly pled exhaustion of administrative remedies as an affirmative defense (*see* Doc. 60 at 3).   Plaintiff has also not objected to the late filing.   Further, similar to the finding in *White v. Bukowski*, there is no indication Plaintiff will be harmed by considering the issue of exhaustion at this juncture. Plaintiff was aware of the defense since Defendants filed their answers, and they made no move to withdraw the same.

With regard to the substance of Defendants' motion, the only grievance in the record is dated August 12, 2019 (*see* Doc. 63 at 22-23).   The August 12, 2019 grievance was also the only grievance attached to and mentioned in Plaintiff's Amended Complaint (*see* Doc. 53).   This grievance clearly relates to the issues in this lawsuit.   Plaintiff also specifically identifies each defendant.   The counselor responded to this grievance on August 14, 2019.   The Grievance Officer received this grievance on August 16, 2019.   The Grievance Officer recommended the grievance be considered moot on November 19, 2019 based on Plaintiff's transfer to Menard Correctional Center (*see* Doc. 63 at 21).

In a letter attached to his grievance and submitted to the ARB with his other August 12, 2019 grievance documents, Plaintiff complains that the Grievance Officer failed to render a decision within two months as required by Section 504.830(e) of the Illinois Administrative Code. Plaintiff also sets forth this argument in his response to Defendant Swisher's motion for summary judgment (which has been mooted).   As Plaintiff did not file a response to the motion now before the Court, the Court only addresses this argument because it is in the record and for the sake of completeness.   Plaintiff's citation to § 504.830(e) is not complete.   This provision of the Code provides that a Grievance Officer shall consider the grievance and report his or her findings and

recommendations in writing to the Chief Administrative Officer — usually the Warden — within two months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO must then advise the offender of his or her decision in writing.   It is not entirely clear how long an inmate must wait for a response before filing suit; however, the Seventh Circuit has posited that even though the warden may be required to respond within two months of receiving a grievance, a prisoner litigant cannot "make a beeline for court" the moment this deadline passes. *Mlaska v. Shah*, 428 Fed. Appx. 642, 645 (7th Cir. 2011) (quoting *Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004)).   In this instance, Plaintiff filed his lawsuit on October 1, 2019, less than two months after it was received by the Grievance Officer.   Thus, Plaintiff's early filing was premature and there is no evidence he was "thwarted" in any attempt to exhaust.

The Court also notes Plaintiff continued through the exhaustion process even after filing this lawsuit.   Indeed, upon receiving the Grievance Officer's response dated November 19, 2019 and the CAO's concurrence on November 20, 2019, Plaintiff appealed the decision to the ARB. The ARB received this grievance and denied it on the merits on December 19, 2019.   Thus, this grievance was fully exhausted on December 19, 2019, more than two months *after* Plaintiff filed this lawsuit.

Insofar as any argument could be made that the grievance was timely exhausted because Plaintiff is proceeding on his Amended Complaint that was filed on October 21, 2020 — the Court rejects such argument out of hand.   It is well settled that claims must be administratively exhausted when a plaintiff first files his original complaint.   *Hoban v. Anderson*, 688 F. App'x 385, 389 (7th Cir. 2017).   The only instance in which a prisoner may exhaust his administrative remedies after initiating his lawsuit occurs when the amended complaint sets forth a newly discovered claim after filing the original complaint so long as said claim was administratively

exhausted by the time the amended complaint was filed.   *Id.*   This is not the circumstance here. Plaintiff's original and amended complaint relate to the same incident that occurred on August 7, 2019 and it appears all of the facts regarding Plaintiff's claims against Defendants were or should have been known to Plaintiff when he filed his original complaint.

### <u>Conclusion</u>

Based on the foregoing, the Court finds Plaintiff did not exhaust his August 12, 2019 grievance prior to initiating this lawsuit.   As such, Defendants' Motion for Summary Judgment (Doc. 62) is **GRANTED**.   Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to exhaust.   The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 19, 2022**

*s/* *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**